UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JANICE SHORTER, PERSONAL REPRESENTATIVE AND LEGAL GUARDIAN FOR DONSHAY SAYLES, | : : : : : | NO. 3:16-CV-01973 |
| Plaintiff | : : | |
| v. | : : : | (Judge Mannion) (Magistrate Judge Arbuckle) |
| CHARLES E. SAMUELS, JR., ET AL. Defendants | : : | *Electronically Filed* |

_____

**PLAINTIFF DONSHAY SAYLES' SUR-REPLY IN OPPOSITION TO THE
<u>BIVENS</u> DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**
_____

> **I.  The Third Circuit's assessment of the failure to protect allegations in <u>Bistrian I</u> reflects the proper application of general pleading standards, not a *per se* rule of law specific to failure to protect claims.**

Critical to the review of Defendant's Motion is the Court's understanding of one of the Third Circuit's holdings in <u>Bistrian v. Levi</u>, 696 F.3d 352 (3d Cir. 2012) ("Bistrian I") and the Defendants' effort to over-extend that holding. Contrary to the Defendants' argument, <u>Bistrian I</u> did not create a *per se* rule that "celling violent inmates with others is insufficient to demonstrate deliberate indifference." <u>See</u> Defs. Reply Br. at 4.  Yet

1

Defendants cite to Bistrian I – and assert just such a *per se* argument - to support their position that the Amended Complaint fails to state a claim for supervisory liability for failure to protect. See Defs. Reply Br. at 3-4.

The Court will remember that Bistrian I involved two failure to protect claims based on two different inmate-on-inmate attacks on the plaintiff at FDC Philadelphia. Bistrian I, 696 F.3d at 357. The first attack was carried out by SHU inmates, including inmate Northington, who had been the targets of surveillance done by the SIS Department and who had learned of Bistrian's involvement in that surveillance operation. Id. at 361. The second attack was carried out by an inmate named Taylor and was unrelated to both the first attack and the inmates involved in the "Northington" attack. Id. at 361-62.

In conducting its review of the adequacy of the complaint under Rule 12(b)(6), the Third Circuit found that the allegations related to the "Northington" attack fulfilled the pleading requirements necessary to state a failure to protect claim. See id. at 368-371. In reviewing the allegations related to the "Taylor" attack, however, the Court found the allegations did not sufficiently demonstrate deliberate indifference on the part of prison officials, as they painted a picture of speculative risk only. See id. at 371. The Third Circuit thus concluded that the "Taylor" failure to protect claim was properly dismissed under Rule 12(b)(6). Id.

Unlike the "Taylor" claim in Bistrian I, the failure to protect claims in this case –

including the supervisory liability claims – are sufficiently pled.  Defendants' argument improperly seeks to extend the Third Circuit's "Taylor" attack analysis and conclusion to all allegations of failure to protect claims.  But the holding as to the "Taylor" claim in Bistrian I neither requires, nor indicates, such an outcome as a matter of law, and the Court is urged to reject the Defendants' effort to improperly extend it in this manner.

> II. **Mr. Sayles is not required to describe as-yet-unproduced documents with more specificity in order to state a claim for supervisory liability.**

As the Court is aware, the parties are in the midst of an ongoing document discovery dispute.  In an ironic twist, Defendants seek to use Mr. Sayles' lack of access to, and knowledge of, various 'specific materials' they are currently withholding as means to claim entitlement to judgment on the pleadings.  Defendants argue that because it does not describe with more specificity the documents and other materials that the supervisory defendants reviewed regarding the ongoing violence in the SHU, the Amended Complaint does not survive Iqbal's test for demonstrating a claim's plausibility.  See Defs. Reply Br. at 2-3.

However, even without the on-going discovery dispute, Defendant's position is incorrect as a matter of law.  Mr. Sayles is not required to provide more detail at the pleading stage of the proceedings.  He is required to set forth a "short and plain statement of the claim showing that [he] is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Under Iqbal, the statement of the claim must "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." See <u>Iqbal</u>, 556 U.S. at 678. The Supreme Court made clear in <u>Iqbal</u> that "the plausibility standard is not akin to a probability requirement." <u>See</u> <u>id.</u> Moreover, as the Third Circuit explained in <u>Bistrian I</u>, a plaintiff need not be "clairvoyant" in his pleading by supplying information and details which can only be obtained through discovery. <u>See</u> <u>Bistrian I</u>, 696 F.3d 352, 370 (3d Cir. 2012) (observing that the plaintiff "obviously not present for the [defendants'] meetings" but that it was plausible that they had discussed the threats reported by the plaintiff during those meetings and that "further investigation will show what was discussed behind closed doors.").

Mr. Sayles has requested - and is awaiting the production of - a number of documents in discovery which are expected to provide the additional details Defendants now demand. In fact, Defendants' argument establishes the relevance and necessity of these documents to Mr. Sayles' claims. These documents are vital in Mr. Sayles' effort to "fill in the blanks" as to how the supervisory defendants knew about the problems in the SHU. Defendants must not be permitted to escape liability at such an early stage of litigation based, in part, on their ability to conceal the evidence Mr. Sayles needs to prevail.

    **III.**   **The allegations regarding the retaliatory actions of SHU staff are relevant to the remaining claims, despite the voluntary withdrawal of the First Amendment <u>Bivens</u> retaliation claim.**

Contrary to Defendants' assertion, the allegations related to the longstanding

retaliatory practices of staff in the SHU are not irrelevant to the supervisory claims and do not relate only to Count V of the Amended Complaint. Claim V was a <u>Bivens</u> retaliation claim based on the retaliatory actions by BOP staff against Mr. Sayles in this particular incident. <u>See</u> Am. Compl. ¶¶ 155-161. Given the state of the law surrounding <u>Bivens</u> claims after <u>Abbasi</u>, <u>Vanderklok</u>, and <u>Bistrian II</u>, Mr. Sayles agreed to withdraw Count V in his response brief. However, the voluntary withdrawal of this claim does not make the allegations regarding SHU staff's actions irrelevant to this case. Mr. Sayles is not limited to using evidence of SHU staff's wrongful conduct only in support of a First Amendment retaliation claim. Even without such a claim for relief, there are multiple ways in which such evidence would be relevant and admissible. <u>See</u>, <u>e.g.</u>, Fed. R. Evid. 404(b)(2) (evidence of a crime or wrong may be admissible for proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident).

**IV. Mr. Sayles does not concede his supervisory liability claims.**

Here, Defendants' argument is again overstated. Defendants appear to assert that because Mr. Sayles' brief does not separately discuss the supervisory <u>Bivens</u> claims in the <u>Abbasi</u> analysis, Plaintiff is conceding his supervisory claims. <u>See</u> Defs. Reply Br. at 6. This is incorrect, both factually and logically.

First, Section IV. A. of the response brief is devoted entirely to the supervisory claims, clearly demonstrating that Mr. Sayles does not concede these claims. Second,

there is no need to discuss the supervisory claims separately in the <u>Abbasi</u> analysis. Although the way in which the supervisors are liable – by failing to supervise, monitor, train, investigate, and discipline SHU staff – differs from that of the non-supervisors, these failures are not free-floating. They are tethered to the Eighth Amendment failure to protect theory of liability in this case. <u>See</u> Am. Compl. ¶¶ 139-140. The discussion of the <u>Bivens</u> claims in Section IV. B. encompasses *all* of the Eighth Amendment failure to protect claims, including those against the supervisors, both implicitly and expressly. <u>See</u> Resp. Br. at 10 ("These claims assert that the individual defendants are liable for violating Mr. Sayles' constitutional rights because they were deliberately indifferent to the substantial risk of serious harm he faced in the SHU, both from his specific attacker *and from the procedures and unofficial policies of the SHU which made it an extremely dangerous environment for prisoners and which brought about the attack on Mr. Sayles.*") (emphasis added).

## V.  CONCLUSION

For the foregoing reasons, as well as those discussed in Mr. Sayles' response brief, this Court should deny Defendants' motion for judgment on the pleadings.

                                Respectfully submitted,

                                **TOBIN LAW OFFICE, LLC**

                                <u>/s/ Jennifer J. Tobin</u>
                                Jennifer J. Tobin
                                PA Bar No. 202047
                                702 N. 3rd Street, # 71

Philadelphia, PA  19123
Tel. 267-258-8918

**MCCAMIC, SACCO & MCCOID, PLLC**
Jay  T. McCamic
PA Bar No. 67881
Christopher J. Gagin
PA Bar No. 323884
56-58 Fourteenth Street
P.O. Box 151
Wheeling, WV 26003
Tel: 304-232-6750

**HEAVENS LAW FIRM, PLLC**
Christopher J. Heavens
PA Bar No. 64645
2312 Chichester Avenue
P.O. Box 1948
Boothwyn, PA 19061
Tel: 610-485-7989

**CHANDLER MATHIS ZIVLEY**
W. Perry Zivley, Jr.
TX Bar No. 22280050
601 Sawyer Street, Suite 600
Houston, TX 77007
Tel: 877-739-7744

Date:  March 28, 2019

# CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the foregoing Sur-Reply in Opposition to the <u>Bivens</u> Defendants' motion for judgment on the pleadings, along with any and all attachments, was electronically filed and is available for viewing and downloading from the Court's ECF system. In addition, a copy was served via the Court's ECF notification system on the following:

>Richard D. Euliss
>Assistant U.S. Attorney
>United States Attorney's Office
>Middle District of Pennsylvania
>228 Walnut Street, 2nd Floor
>P.O. Box 11754
>Harrisburg, PA  17108-1754
>Email:  Richard.D.Euliss@usdoj.gov
>
>  Attorney for Defendants


Date:  March 28, 2019          */s/ Jennifer J. Tobin*
                               Jennifer J. Tobin