UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANICE SHORTER, PERSONAL REPRESENTATIVE AND LEGAL GUARDIAN FOR DONSHAY SAYLES,** : | NO. 3:16-CV-01973 |
| **Plaintiff,** : | |
| : | **(Judge Mannion)** |
| v. : | **(Magistrate Judge Arbuckle)** |
| **CHARLES E. SAMUELS, JR., ET AL.** : | **Electronically Filed** |
| **Defendants.** : | |

**SURREPLY IN OPPOSITION TO MOTION FOR
SUBSTITUTION OF DEFENDANT WILLIAM FULLER**

The Estate of William Fuller ("Estate") files this surreply in further opposition to Plaintiff's motion to substitute it as a party defendant in place of original defendant, William Fuller, (Dkt. No. 165), who is now deceased. The Estate filed an opposition, (Dkt. No. 175), and Plaintiff has since filed a reply, (Dkt. No. 180).

**I.   *Bivens* Claims Do Not Survive Death of the Defendant**

Plaintiff concedes, as she must, that survival of a federal cause of action "turns on whether an action (or a claim) is deemed to be 'penal' or 'remedial.'" (Dkt. No. 180 at p. 6 of 20.) There is no question, therefore, that "claims that are penal in nature" abate. Contrary to Plaintiff's argument that "Supreme Court precedent makes clear that the purpose of a *Bivens* action is remedial rather than penal," (*id.* at p. 9 of 20), the Supreme Court has unambiguously described *Bivens* claims as being

"concerned *solely* with deterring the unconstitutional acts of individual officers," *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001), thus revealing *Bivens* claims to be penal rather than remedial. The Supreme Court's narrow characterization *Bivens*' purpose is direct and is irreconcilable with Plaintiff's conclusory argument.

Plaintiff argues that the Estate's reliance on *Malesko* requires a logical leap that unsoundly equates deterrence with punishment. (Dkt. No. 180 at p. 11 of 20.) But the Estate's analysis requires no logical leap at all. The Supreme Court's description of *Bivens* as concerned "solely" with deterrence proves that the Court's creation of the *Bivens* remedy was motivated not by the impact it would have on would-be plaintiffs (*i.e.*, compensation), but by the impact it would have on would-be defendants (*i.e.*, punishment and deterrence).

Regardless, to support her contention that *Bivens* claims are remedial, Plaintiff embarks on a far-reaching survey of case law – some dating back to 1892 – to explore how federal courts have grappled over time with distinguishing between remedial versus penal civil claims.[1] (*See* Dkt. No. 180 at pp. 1-5.) While Plaintiff

---

[1] Plaintiff appears to concede, at the very least, that her demand for punitive damages abated at Fuller's death. (Dkt. No. 180 at p. 9 of 20 ("Under the rubric described above, the Bivens claims seeking punitive damages claim could be characterized as 'penal' and held to abate.")) This is telling. There is no standalone cause action for punitive damages. *See generally, e.g.*, *Ruehl v. S.N.M. Ents.*, 2015 WL 2374256, *2 (M.D. Pa. May 18, 2015); *Giordano v. Solvay Specialty Polymers*, 3522 F. Supp. 3d 26, 38 (D.N.J. 2021). Rather, punitive damages are recoverable under *Bivens* in furtherance of the cause of action's "sole purpose." *See Malesko*, 534 U.S. at 71.

2

purports to cull a from this survey a convenient conclusion, there is a far more salient, *in*convenient reality that Plaintiff cannot escape: ***she has not, and cannot, cite a single case holding that a* Bivens *action survives the death of a defendant***. This means that any ruling by this Court allowing Plaintiff to substitute the Estate would be a ground-breaking decision.

## II. There Is No *Bivens* Remedy Against Estates, and the Court Should Not Create One Here

Given the unprecedented nature of the issue before the Court, it is surprising that Plaintiff declined to address meaningfully the separate existential question of whether a *Bivens* remedy even exists against estates, especially in the wake of the Supreme Court's ruling in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).[2] The little that Plaintiff does offer on this topic is demonstrably unsound.

In *Abbasi*, the Supreme Court made clear that a context is "new" when it involves a new category of defendant. 137 S. Ct. at 1857 (explaining the Court has "consistently refused to extend *Bivens* to any new context *or new category of*

---

[2] Plaintiff's avoidance of the *Abbasi* issue is especially puzzling given that she sought – and was granted without objection – formal leave to file a brief in excess of 15 pages and 5,000 words. (Dkt. Nos. 178 & 179.) The final brief is a mere 14 pages. Moreover, Plaintiff unfairly attempts to reserve the right to respond to this argument more thoroughly at a later time. But Plaintiff has no legal or logical basis for making that reservation. Plaintiff moved to substitute *now*, and the Estate was forced *now* to present its arguments against substitution. If Plaintiff had additional arguments in favor of substitution, she was required to present them *now*. Her failure to do so renders them waived.

3

*defendants*." (emphasis added) (internal quotations omitted)). Plaintiff ignores that ruling when she conflates the Estate's present *Abbasi* argument with the one previously presented by Fuller and the other *Bivens* Defendants. (*See* Dkt. Nos. 52 and 89.)  Instead, Plaintiff argues that the Estate would not actually be a "new" defendant at all (*i.e.*, it is not separate and distinct from Fuller). Of course, the fact that Plaintiff filed a motion to substitute one legal person for another belies that premise. That is, there is no legal need to substitute one legal "person" for another unless there are two separate legal "persons" to begin with.

At bottom, the Estate is a separate legal entity that came into existence only after Fuller's death. It is not merely an alter ego of the late William Fuller, and it is not a foregone conclusion that Plaintiff has a cause of action against the Estate merely because she had one against Fuller. Indeed, the very existence of survival jurisprudence makes plain that the death of a party – and the prospective substitution of a distinct legal entity – presents a fundamentally different legal context that the law must address. This means that the Estate – indeed, any estate – is a category of defendant that is distinct from natural persons. Modern jurisprudence prohibits this Court from taking for granted that *Bivens* claims exist against new categories of defendants. It follows, therefore, and despite Plaintiff's dismissive treatment of this argument, that the Court must determine whether a *Bivens* remedy actually exists.

Plaintiff also dismisses the special factors that counsel hesitation in expanding *Bivens* to an estate, including the reality that that the Estate's forced participation in these proceedings would drain whatever little assets remain. Specifically, Plaintiff contends that, because the United States sometimes satisfies *Bivens* judgments on behalf of individuals, the Estate will lose nothing if substituted. It is not inevitable, however, that the United States would satisfy any judgment entered against the Estate. Setting aside the unreliability of Plaintiff's quoted statistics, Plaintiff ignores other unknowns, including whether the United States could even possibly indemnify an entity (*i.e.*, the Estate, which was never an employee of the United States) and whether the DOJ component would even have available appropriated funds to do so. *See* 28 C.F.R. 50.15(c). Plaintiff's argument also ignores that, even if the United States did ultimately satisfy any judgment, the Estate's forced participation in these proceedings still would require it to remain open for years and that such continued existence and administration – in and of itself – would exhaust the Estate's assets and unfairly deprive Fuller's minor son and fiancé of legal and emotional closure. Finally, Plaintiff ignores the additional arguments made by the Estate, including that substitution would force the Estate to defend the claim at a decided disadvantage given that Fuller is no longer alive to present his version of events. While Plaintiff decided to ignore these realities in her briefing, this Court cannot. The Estate

5

respectfully submits they more than counsel hesitation before expanding *Bivens* to an estate.

## **CONCLUSION**

Applying the federal common law rule of survival, the *Bivens* claim against Fuller abated upon his death. Alternatively, the Estate is a new category of *Bivens* defendant and would require this Court to create a *Bivens* remedy, a step it should not take given that special factors counsel hesitation.

          Respectfully submitted,

          JOHN C. GURGANUS
          United States Attorney

          /s/ Richard D. Euliss
          Richard D. Euliss (DC 999166)
          Harlan W. Glasser (PA 312148)
          Assistant United States Attorneys
          228 Walnut Street
          Harrisburg, PA 17101
          (717) 221-4462
          (717) 919-6137
          Harlan.Glasser@usdoj.gov
          Richard.D.Euliss@usdoj.gov

Dated:   March 3, 2022

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANICE SHORTER, PERSONAL REPRESENTATIVE AND LEGAL GUARDIAN FOR DONSHAY SAYLES,** | : : : : | NO. 3:16-CV-01973 |
| **Plaintiff,** | : : | |
| v. | : : : | **(Judge Mannion)** **(Magistrate Judge Arbuckle)** |
| **CHARLES E. SAMUELS, JR., ET AL.** | : : | **Electronically Filed** |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE VIA ELECTRONIC CASE FILING (ECF)

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on March 3, 2022, she caused to be served a copy of the attached

## SURREPLY IN OPPOSITION TO MOTION FOR SUBSTITUTION OF DEFENDANT WILLIAM FULLER

via the Court's Electronic Case Filing System ("ECF") and that the Addressee(s) listed below are filing users under the ECF system.

Addressees:

Jennifer J. Tobin, Esquire @ jtobin0913@gmail.com
Christopher Heavens, Esquire @ Chris@heavenslawfirm.com
Jay T. McCamic, Esquire @ jay@mspmlaw.com
Christopher J. Gagin @ Chris@mspmlaw.com
Walter P. Zivley, Jr. @ Pzivley@cmzlaw.net

/s/ Cynthia E. Roman
Cynthia E. Roman
Paralegal Specialist