UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE SHORTER, | ) | CIVIL ACTION NO. 3:16-CV-1973 |
| Plaintiff | ) | |
| | ) | (MANNION, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| CHARLES E. SAMUELS, JR., *et al.*, | ) | |
| Defendants | ) | |

<u>ORDER</u>

On May 16, 2014, Donshay Sayles was attacked by fellow inmate Joseph Wing while they were celled together in the Special Housing Unit at USP Canaan. The attack left him in a chronic vegetative state with no hope of recovery. On September 27, 2016, Janice Shorter ("Plaintiff") initiated this *Bivens* action against a number of employees of the Bureau of Prisons seeking to recover damages.

On February 24, 2020, Defendants filed a motion for summary judgment. (Doc. 95). Two days later, Defendants filed a supporting brief (Doc. 99) and statement of facts (Doc. 100). The motion raises one issue—whether the statute of limitations expired before Plaintiff initiated this action.

On March 19, 2020, Plaintiff filed a brief in opposition (Doc. 108), and response to Defendants' statement of facts (Doc. 108-1).

On March 31, 2020, Defendants' filed a reply. (Doc. 111).

On May 8, 2020, I issued a Report and Recommendation that addressed Defendants' motion. (Doc. 119). On May 14, 2020, Defendants filed objections.

(Doc. 120). On May 28, 2020, Plaintiff filed a response. (Doc. 121). On June 5, 2020, Defendants filed a reply. (Doc. 122).

Resolution of the pending Report & Recommendation was delayed due to a series of discovery disputes, which have since been resolved.[1] On February 1, 2022, Defendants filed a motion requesting leave to supplement their original objections and reply (Docs. 120, 122) to the May 2020 Report and Recommendation based on new evidence produced during discovery. (Doc. 119).

On April 22, 2022, the Court held a telephone conference to discuss Defendants' motion to supplement their objections. (Doc. 186). During that telephone conference, Defendants reported they recently obtained several letters written by Plaintiff that are relevant to the statute of limitations issue. The Court and the parties discussed the best procedure to resolve the pending motion for summary judgment, report and recommendation, and Defendants' request to supplement their objections. The parties both oppose withdrawing the original

---

[1] (Docs. 96, 98, 110, 117, 118) (first motion to compel, brief in support, brief in opposition, reply brief, and sur reply); (Docs. 124, 125) (opinion and order on first motion to compel); (Doc. 131, 132, 134, 140, 147) (second motion to compel, brief in support, brief in opposition, reply, and sur reply); (Doc. 154) (order re: scope of email search); (Doc. 157) (order re: first *in camera* review); (Doc. 185) (order on motion to compel); (Doc. 174) (order discussing parties' second request for *in camera* review); and (Doc. 184) (order on second request for *in camera* review). Extensions of time to appeal certain discovery orders were requested and granted. (Docs. 126, 127, 129, 139, 141). The parties also sought, and received clarification about the status of two supervisory Defendants—Ebbert and Kaszuba. (Docs. 152, 155).

summary judgment motion. Some parties oppose withdrawing the original report and recommendation. I have carefully considered the parties' views, and weighed those views against the Court's interest in resolving this matter clearly and efficiently.

It is ORDERED that the pending motion for summary judgment, report and recommendation, and Defendants' request to supplement will be resolved as follows:

(1) The May 8, 2020 Report & Recommendation (Doc. 119) is VACATED.

(2) Defendants' motion to supplement their objections (Doc. 171) is DENIED as MOOT.

(3) The pending motion for summary judgment (Doc. 95) will be resolved using the following procedure:

(a) The parties will each be permitted to file a supplemental brief, a supplemental statement of facts, and supplemental exhibits.

<u>Each supplemental brief should not exceed ten pages</u> without seeking leave of court.

On summary judgment, the Court is required to consider whether there is a material dispute of fact. Therefore, any supplemental brief must be accompanied by a supplemental statement of facts, that clearly communicates to the Court what facts remain in dispute based on the new evidence presented.

(b) Defendants' supplemental brief, supplemental statement of fact, and supplemental exhibits are due on or before **May 23, 2022**.

<u>In addition to asserting new facts based on the new evidence, Defendants' supplemental statement of facts must indicate if</u>

                any fact set forth in the original statement of facts (Doc. 100) is changed based on the new evidence.

(c)      Plaintiff's supplemental brief, response to the supplemental statement of facts, and supplemental exhibits are due on or before **June 7, 2022**.

                In addition to responding to any new facts set out in the supplemental statement of facts, the response to the supplemental statement of facts must indicate if Plaintiff's position from her response to the original statement of facts (Doc. 108-1) has changed based on the new evidence.

(4)      The undersigned will address Defendants' motion for summary judgment (Doc. 95) in a new Report and Recommendation once the supplemental briefing is complete. In doing so, I will consider the original brief in support (Doc. 99), statement of facts(100), brief in opposition (Doc. 108), responsive statement of facts (Doc. 108-1), reply (Doc. 111), as well as the supplemental briefs and statements of fact.

                I will not consider any argument raised in the objections to the original Report and Recommendation. (Docs. 120, 121, 122).

Date: May 10, 2022                        BY THE COURT

                                               *s/William I. Arbuckle*
                                               William I. Arbuckle
                                               U.S. Magistrate Judge