IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JANICE SHORTER, PERSONAL REPRESENTATIVE AND LEGAL GUARDIAN FOR DONSHAY SAYLES, | : : : : | NO. 3:16-CV-01973 |
| **Plaintiff** | : | |
| | : | **(Judge Mannion)** |
| v. | : | **(Magistrate Judge Arbuckle)** |
| | : | |
| CHARLES E. SAMUELS, JR., ET AL. | : | *Electronically Filed* |
| **Defendants** | : | |
| | : | |

_____

**PLAINTIFF DONSHAY SAYLES' MOTION
UNDER RULE 30(a)(2)(B) TO TAKE THE DEPOSITION OF FEDERAL
INMATE JOSEPH WING**

_____

Plaintiff Donshay Sayles, through his legal guardian Janice Shorter, and by and through his counsel, respectfully moves this Honorable Court under Federal Rule of Civil Procedure 30(a)(2)(B) for leave to take the deposition of federal inmate Joseph Wing, who is currently incarcerated by the federal Bureau of Prisons (BOP) at USP Florence – ADMAX, in Florence, Colorado.  In support of this motion, Plaintiff states the following:

1.  The assault on Donshay Sayles which underlies this *Bivens*/ FTCA case was

1

carried out in a locked cell by federal inmate Joseph Wing at USP Canaan on May 16, 2014.  The assault left Donshay Sayles in a persistent vegetative state.

2.  On May 19, 2014, the FBI interviewed Joseph Wing at USP Canaan, and Mr. Wing admitted that he carried out the attack on Mr. Sayles.  [Ex. A - excerpt of deposition of David Ebbert containing transcription of FBI interview, at 29:18 to 30:0 (filed under seal)].

3.  Mr. Wing was subsequently charged with assault with intent to commit murder under 18 U.S.C. § 113(a)(1).

4.  On January 15, 2015, a change of plea and sentencing proceeding was held before the Honorable James M. Munley.  [Ex. B, transcript of 1/15/15 proceeding in *United States v. Wing*, No. 3:14-cr-00156, U.S.D.C. Middle District of Pennsylvania]

5.  Plaintiff filed this case on September 27, 2016, asserting claims under Bivens and the Federal Tort Claims Act (FTCA).

6.  On September 15, 2022, Defendants moved, unopposed, under Rule 30(a)(2)(B) to take Mr. Wing's deposition.  [ECF No. 209]

7.  This Court granted Defendants' motion the same day.  [*See* ECF No. 210]

8.   On October 18, 2022, Defendants issued a notice and subpoena for the deposition to occur via Web-Ex video conference on December 5, 2022, with Mr. Wing participating from USP Florence, ADMAX.

9.  On December 5, 2022, Mr. Wing and counsel for the parties joined a telephone conference for the purpose of conducting Mr. Wing's deposition.

10. A court reporter was present with defense counsel at their office in Harrisburg, PA.

11. At the beginning of the telephone conference, Mr. Wing refused to be sworn in. [Ex. C, 12/5/22 Transcript at 4:3-13]

12. Mr. Wing expressed concern with the deposition being conducted by telephone instead of Web-Ex video conferencing, as had been stated in the deposition subpoena. [*Id.* at 7:1-5; 8:16 to 9:1]

13. Mr. Wing also expressed concern with not having an attorney to represent him during the deposition to advise him of his rights.  [*Id.* at 7:1-7; 9:7-18]

14. The proceedings concluded on December 5, 2022 without Mr. Wing's deposition being taken.

15. Counsel for Defendants, AUSA Richard Euliss, subsequently informed Plaintiff's counsel that Defendants no longer intend to take Mr. Wing's deposition.

16. Plaintiff, having the burden of proof, needs to take Mr. Wing's deposition in order to obtain and preserve his testimony on matters that are highly relevant to the claims and defenses in this case.

17. Based on the challenges of securing Mr. Wing's deposition testimony and the uncertainty of whether Mr. Wing would be available to call as a witness at trial, on

December 22, 2022, Plaintiff filed a motion and supporting brief asking the Court

for leave to take Mr. Wing's deposition as a trial deposition. [ECF No. 211, 212]

18. Defendants filed a brief in opposition on December 23, 2022.  [ECF No. 213]

19. On January 3, 2023, the Court held a telephone conference with counsel for the

parties regarding Plaintiff's motion and other issues surrounding Mr. Wing's

deposition.

20. During that phone conference, acknowledging Mr. Wing's previously stated

concern about having counsel to represent him at his deposition, Plaintiff's

counsel agreed to attempt to locate *pro bono* counsel to represent Mr. Wing for

that purpose.

21. Following the phone conference, on January 4, 2023, the Court issued an Order

denying (without prejudice) Plaintiff's motion to take a trial deposition of Mr.

Wing.  [ECF No. 216]

22. Plaintiff's counsel has attempted to locate *pro bono* counsel to represent Mr. Wing

at his deposition but has not been successful.  Plaintiff's counsel reported this to

the Court during a telephone conference held on April 6, 2023.

23. Plaintiff's counsel also stated that they still need to and intend to take Mr. Wing's

deposition.

24. Joseph Wing is a key fact witness in this case, and the information he possesses is

highly relevant to all of the claims (both *Bivens* and FTCA) and defenses asserted.

25. Plaintiff is entitled under the Federal Rules of Civil Procedure to take Mr. Wing's deposition in order to develop and preserve relevant evidence for use at trial.

26. Plaintiff maintains that it would be premature (and impossible) for the Court to resolve Mr. Wing's possible Fifth Amendment concerns at this time, as those concerns have not been raised in connection with one or more specific deposition questions.

27. Plaintiff proposes that a statement be made on the record at the beginning of the deposition, before any questions have been asked, that makes it clear that Mr. Wing retains his Fifth Amendment privilege not to incriminate himself and that he can assert that privilege in response to specific questions that are asked of him during the deposition.

28. This statement may be made by Plaintiff's counsel, or, if the Court believes it would be more appropriate, by the Court itself.

29. The deposition should take place at a time convenient to the Bureau of Prisons and the Parties and in a manner authorized by the Rules of Civil Procedure.

30. In addition, due to the geographic distance between counsel for the parties and Mr. Wing, Plaintiff seeks to conduct this deposition by remote means (e.g., "Zoom" or "WebEx" videoconferencing), pursuant to Rule 30(b)(4).

31. Plaintiff also intends to record the deposition proceedings both stenographically and audiovisually, pursuant to Rule 30(b)(3)(A), for possible use at trial and asks

5

the Court to grant leave for both methods of recording.

32. Plaintiff's counsel has sought defense counsel's concurrence in this motion and was informed that Defendants do not concur in this motion.  A certificate of non-concurrence is attached hereto.

33. In accordance with Local Rule 7.5, a brief supporting this motion is being filed concurrently with this motion, in view of Defendants' non-concurrence.

34. A proposed Order is attached hereto.

WHEREFORE, for all of the above reasons and for those contained in his supporting brief, Plaintiff respectfully asks this Court to grant his motion to take the deposition of witness Joseph Wing.

Date:  April 26, 2023

Respectfully submitted,

*/s/ Jennifer J. Tobin*
Jennifer J. Tobin, PA Bar 202047
Tobin Law Office, LLC
702 N. 3rd Street, # 71
Philadelphia, PA 19123
Tel. 267-258-8918
Fax: 267-428-6493
jtobin0913@gmail.com

*/s/ Christopher J. Heavens*
Christopher J. Heavens, PA Bar No. 64645
Heavens Law Firm, PLLC
2312 Chichester Avenue
P.O. Box 1948
Boothwyn, P A 19061
Tel: 610-485-7989
Chris@heavenslawfirm.com

W. Perry Zivley, Jr., Esq.
Kirk Mathis, Esq.
Chandler, Mathis & Zivley, PC
8584 Katy Freeway, Suite 105
Houston, Texas 77024
Phone: (713) 739-7722
*pzivley@cmzlaw.net*
*kmathis@cmzlaw.net*

Jay T. McCamic
McCamic Law Firm, PLLC
80 12th Street, Suite 305
Wheeling, WV 26003
p: (304) 238-9460
f: (304) 830-5324
*jay@mccamic.com*

Anthony I. Werner, Esq.
John & Werner Law Offices PLLC
80-12th Street
Suite 200
Wheeling, WV 26003
Phone 304.233.4380
Fax 304.233.4387
*awerner@johnwernerlaw.com*

**CERTIFICATE OF SERVICE**

I certify that on this date, a true and correct copy of the foregoing along with all attachments, was electronically filed and is available for viewing and downloading from the Court's ECF system. In addition, a copy was served via the Court's ECF notification system on the following:

Richard D. Euliss
Michael J. Butler
Assistant U.S. Attorneys
United States Attorney's Office
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102
Email: Richard.D.Euliss@usdoj.gov
Michael.J.Butler@usdoj.gov
Attorneys for Defendants

Date:  April 26, 2023                    */s/ Jennifer J. Tobin*
                                          Jennifer J. Tobin