## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANICE SHORTER, PERSONAL** | : | |
| **REPRESENTATIVE AND LEGAL** | : | **NO. 3:16-CV-01973** |
| **GUARDIAN FOR** | : | |
| **DONSHAY SAYLES,** | : | |
| **Plaintiff** | : | |
| | : | **(Judge Mannion)** |
| **v.** | : | **(Magistrate Judge Arbuckle)** |
| | : | |
| **CHARLES E. SAMUELS, JR., ET AL.** | : | *Electronically Filed* |
| **Defendants** | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE DRAFT DECLARATION AND NOTE RETURNED BY JOSEPH WING TO DEFENSE COUNSEL

Plaintiff Donshay Sayles, through his legal guardian Janice Shorter, and by and through his counsel, respectfully moves this Honorable Court under Federal Rule of Civil Procedure 37(a)(3)(B)(iv) to compel Defendants to produce the draft declaration and note sent by non-party witness Joseph Wing to counsel for Defendants in the course of the litigation of this case.  In support thereof, Plaintiff avers the following:

1. Joseph Wing is a key witness in this *Bivens*/ FTCA action, as he carried out the assault on Plaintiff Donshay Sayles at USP Canaan which lies at the heart of this

case.

2.  Mr. Wing is currently incarcerated at USP Florence ADMAX, the federal supermax prison in Florence, Colorado.

3.  On October 24, 2022, counsel for the Defendants noticed a deposition of Mr. Wing and served him with a deposition subpoena commanding him to present himself for a deposition on December 5, 2022 via videoconferencing.

4.  On December 5, 2022, counsel for the parties and Mr. Wing joined a telephone conference call for the purpose of conducting the deposition.

5.  Mr. Wing refused to be sworn in and stated that he would not answer any questions posed to him.

6.  During the December 5th proceedings, Mr. Wing expressed his frustration with counsel for both the Plaintiff and the Defendants for various reasons.

7.  With regard to defense counsel, Mr. Wing stated that he had spoken with defense counsel previously and that defense counsel had sent him a declaration for signature which "reflected nothing of what I said. It just fit their narrative."  [Ex. A, 12/5/22 Transcript, at 7:22 to 8:4]

8.  Mr. Wing further stated that "Nothing in [the declaration] was true. Nothing in it had anything to do what I said. It was stuff that I said twisted." [Ex. A at 8:8-10]

9.   Mr. Wing stated that he had refused to sign the declaration and had returned it to defense counsel along with a note explaining why he would not sign it. [Ex. A at

8:4-6]  Mr. Wing stated that he no longer had a copy of either the unsigned

declaration or the note.  [*Id.* At 8:11-15]

10. Following the December 5th proceedings, Plaintiff's counsel asked defense counsel

for a copy of the draft declaration and note which Mr. Wing had referred to.

11. Defense counsel declined to produce these documents stating that it was his

contention that they were protected from disclosure by attorney work product

doctrine.

12. Plaintiff subsequently served a formal discovery request for these two documents

on Defendants.  [Ex. B, attached hereto]

13. Defendants responded with formal objections and an updated privilege log,

asserting that both documents were protected from disclosure by the attorney

work product doctrine.  [Ex. C, attached hereto]

14. On April 6, 2023, this Court held a telephonic discovery conference with counsel

for the parties during which this dispute was discussed, and the Court granted

permission for Plaintiff to file a motion to compel on this issue.

15. The attorney work product doctrine protects from disclosure documents prepared

by a party's counsel or other representation in anticipation of litigation.  *See*

*Hickman v. Taylor*, 329 U.S. 495, 512 (1947).

16. There are two tiers of work product protection:  "fact" work product (also referred

to as "ordinary work product") and "core" work product, which contains the

mental impressions, conclusions, opinions, or legal theories of an attorney. *See Lane v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 64679, Civ. No. 3:14-01045 (M.D. Pa. 2015) (Mariani, J.).

17. "Fact work product" can be disclosed if a party demonstrates a substantial need for it and that they cannot obtain the information within the requested documents, or their substantial equivalent, without undue hardship. Fed. R. Civ. P. 26(b)(3) (A).

18. Plaintiff maintains that draft declaration and note authored by Mr. Wing are not protected from disclosure by the attorney work product doctrine because of the specific circumstances presented here.

19. With regard to the draft declaration, Joseph Wing's commentary during the December 5th proceedings that the assertions within it were false makes the declaration primarily a factual document which is subject to discovery under Rule 26(b)(1).

20. Alternatively, even if the draft declaration is considered to be "work product," it is at most "fact work product" which should be disclosed under Fed. R. Civ. P. 26(b) (3)(A) because Plaintiff has a substantial need for it and cannot obtain the information within it without undue hardship.

21. Even if Plaintiff asks Mr. Wing about the draft declaration at his deposition, without the document itself to refer to, it is not likely that Mr. Wing will

remember the specific assertions within it which he stated were false.

22. The note which Mr. Wing sent back to defense counsel with the unsigned declaration is, similarly, not "attorney work product," as it was not created by counsel for a party or an agent of counsel – it was created by Mr. Wing, who is a non-party witness.

23. As the note was not created in response to correspondence from Defendants' counsel, but was created by Mr. Wing on his own, to explain why he refused to sign the declaration, it does not comprise "attorney work product." *See Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66, 69 (S.D.N.Y. 2003) (work product protection does not generally apply to communications made by non-parties to counsel for a party in a lawsuit).

24. As with the draft declaration, even if the note is considered to be work product, it is at most "fact work product" and is therefore discoverable under a showing of substantial need. As with the draft declaration, should Plaintiff ask Mr. Wing about the note at his deposition, it is unlikely that he will recall precisely, if at all, what he stated in the note. Plaintiff will therefore not be able to obtain the information in the note without undue hardship.

25. More than any type of "work product," under these circumstances, the note written by Mr. Wing is more akin to a previous written statement by a witness. *See* Fed. R. Civ. P. 26(b)(3)(C)(i). As such, Mr. Wing would be entitled to a copy

of that statement during his deposition.  *See id.*

26. As discussed more fully in Plaintiff's supporting brief, Plaintiff is entitled to

discovery of these documents, as they are relevant to both the FTCA and *Bivens*

claims in this case.  Therefore, Plaintiff asks the Court to overrule the Defendants'

objections and compel production of these two documents.

27. Plaintiff submits that the nature of the discovery dispute presented here – which

focuses on the content of withheld documents - makes an *in camera* inspection by

the Court both appropriate and necessary.

28. Plaintiff therefore asks the Court to conduct an *in camera* inspection of the

documents at issue here.

29. A statement of conference to resolve objections, under Local Rule 26.3, is

attached hereto.

30. A certificate of non-concurrence is attached.

31. A proposed Order is attached.

For the reasons listed above, as well as those discussed in Plaintiff's supporting

brief, Plaintiff respectfully requests that this Court grant his Motion to Compel the

production of both the Draft Declaration and the Note by Joseph Wing.


Date:  April 26, 2023                    Respectfully submitted,

                                         */s/ Jennifer J. Tobin*
                                          Jennifer J. Tobin, PA Bar 202047
                                          Tobin Law Office, LLC

702 N. 3rd Street, # 71
Philadelphia, PA 19123
Tel. 267-258-8918
Fax: 267-428-6493
*jtobin0913@gmail.com*

*/s/ Christopher J. Heavens*
Christopher J. Heavens
Heavens Law Firm, PLLC
2312 Chichester Avenue
P.O. Box 1948
Boothwyn, P A 19061
Tel: 610-485-7989
*heavenslaw@aol.com*

W. Perry Zivley, Jr., Esq.
Kirk Mathis, Esq.
Chandler, Mathis & Zivley, PC
8584 Katy Freeway, Suite 105
Houston, Texas 77024
Phone: (713) 739-7722
*pzivley@cmzlaw.net*
*kmathis@cmzlaw.net*

Jay T. McCamic, Esq.
McCamic Law Firm, PLLC
80 12th Street, Suite 305
Wheeling, WV 26003
p: (304) 238-9460
f: (304) 830-5324
*jay@mccamic.com*

Anthony I. Werner, Esq.
John & Werner Law Offices PLLC
80-12th Street
Suite 200
Wheeling, WV 26003
Phone 304.233.4380
Fax 304.233.4387
*awerner@johnwernerlaw.com*

7

**CERTIFICATE OF SERVICE**

I certify that on this date, a true and correct copy of the foregoing, along with all attachments, was electronically filed and is available for viewing and downloading from the Court's ECF system. In addition, a copy was served via the Court's ECF notification system on the following:

> Richard D. Euliss
> Michael J. Butler
> Assistant U.S. Attorneys
> United States Attorney's Office
> Middle District of Pennsylvania
> Sylvia H. Rambo United States Courthouse
> 1501 North 6th Street, 2nd Floor
> P.O. Box 202
> Harrisburg, PA 17102
> Richard.D.Euliss@usdoj.gov
> Michael.J.Butler@usdoj.gov
>
> Attorneys for Defendants

Date: <u>April 26, 2023</u>

*/s/ Jennifer J. Tobin*
Jennifer J. Tobin
